UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL LEYVA,

    Plaintiff,

v.                                                Case No. 2:21-cv-754-SPC-NPM

WAL-MART STORES EAST, LP,

    Defendant.

## ORDER

Local Rule 3.03 directs each party to file an interested persons disclosure with their first appearance. The Civil Action Order (Doc. 7) docketed at the inception of each action reminds parties and their counsel of this requirement. But plaintiff Michael Leyva failed to file the required disclosure when first appearing in this matter on November 5, 2021.

On January 6, 2022, the court held a Rule 16(b)(1)(B) conference attended by Kristin Langdon Stocks as counsel for Leyva. During the conference, the court reminded Ms. Stocks that she had not yet filed the interested persons disclosure and gave her until January 13, 2022, to do so (more than two months after it was due in early November).[1] But this extended deadline passed without any compliance. So,

---

[1] Notably, Ms. Stocks received the notice of electronic filing when defendant Wal-Mart timely filed its interested persons disclosure on October 12, 2021 (Doc. 3)—another reminder to Ms. Stocks of the requirements of Local Rule 3.03. Indeed, when filing the parties' case management report on November 5,

the court entered an order requiring plaintiff to either file the disclosure by January 20 or show cause why this action should not be dismissed for failure to comply with the court's orders. (Doc. 19). Inexplicably, this second extended deadline also passed without a word from plaintiff. Consequently, the court was diverted from the press of other business in the hundreds of other matters pending before it and required to take further action in the form of a written report recommending the dismissal of this action. (Doc. 20). The next business day, Ms. Stocks filed the required disclosure. (Doc. 21).

To avoid any further burden for either the court or the litigants related to securing plaintiff's compliance with Local Rule 3.03 and the court's orders, the report and recommendation (Doc. 20) is hereby **WITHDRAWN**. But a review of the untimely disclosure makes evident that the failure to comply with the applicable rule and the court's orders—no less than three of them—is due to a lack of diligence on the part of Ms. Stocks and not her client. The court therefore **SANCTIONS** plaintiff counsel Kristin Langdon Stocks for her repeated noncompliance with court orders and for unnecessarily diverting the court's limited time and resources toward chasing her for compliance. *See* Fed. R. Civ. P. 16(f)(1)(c).

Attorney Kristin Langdon Stocks is directed to contribute **$50.00** to the Southwest Florida Federal Court Bar Association to be used toward stocking the

---

2021, Ms. Stocks certified that she has read and is familiar with the court's local rules. (Doc. 12, p. 5).

court's attorney lounge with paper, printer toner, and other supplies. *See* Fed. R. Civ. P. 16 (Advisory Committee Notes, 1983 Amendment) ("[T]he court has discretion to impose whichever sanction it feels is appropriate under the circumstances."); *Davis v. Kansas City Fire & Marine Ins. Co.*, 195 F.R.D. 33, 38 (N.D. Okla. 2000) (ordering attorneys to make a monetary contribution to local bar association as a sanction); *see also Vaughn v. GEMCO2, LLC*, No. 6:17-cv-1713-Orl-41KRS, 2018 WL 6620600, *3 (M.D. Fla. Oct. 31, 2018) report and recommendation adopted, No. 6:17-cv-1713-Orl-41LRH, 2019 WL 1765051 (M.D. Fla. Apr. 22, 2019) ("The purposes of this wide range of sanctions authorized by Rule 16(f) are to allow for punishment of lawyers and parties for unreasonably delaying or otherwise interfering with the court's ability to manage trial preparation expeditiously …." (quoting *Hicks v. Client Servs., Inc.*, No. 07-61822-CIV, 2009 WL 10667497, *3 (S.D. Fla. Feb. 11, 2009))).

By **January 31, 2022**, attorney Stocks will file a notice certifying compliance with this order.

**ORDERED** in Fort Myers, Florida, on January 24, 2022.

*Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE